# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LILLY ROGERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00470-N |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on a *sua sponte* review of its subject-matter jurisdiction.[1] On October 8, 2014, the Plaintiff initiated this action by filing a Complaint (Doc. 1) in this Court. The Complaint alleges diversity pursuant to 28 U.S.C. § 1332(a) as the sole basis for the Court's subject-matter jurisdiction over the claims in this action. The amount-in-controversy requirement of § 1332(a) appears satisfied on the face of the Complaint, and the Plaintiff, a natural person, is alleged to be a citizen of Alabama. However, the Plaintiff, as the party invoking this Court's jurisdiction, has failed to allege sufficient facts establishing the citizenship of the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm").[2]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

[2] "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)). "The pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short

The Plaintiff alleges that State Farm is "a corporation or other business entity, organized and existing under the laws of a State other than the State of Alabama, with its offices and principal place of business in Bloomington, Illinois, or other State outside the State of Alabama." (Doc. 1 at 1, ¶ 2).

The Plaintiff, however, must specify what kind of "business entity" State Farm is. If State Farm is a corporation, then it is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

However, if Plaintiff is an unincorporated entity, such as a limited liability company or a partnership, then the citizenship(s) of its member(s) control. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) ("In *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization…We hold that the general rule for unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations…To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); *Iraola & CIA,*

---

and plain statement of the grounds upon which the court's jurisdiction depends.'" *Taylor*, 30 F.3d at 1367 (quoting Fed. R. Civ. P. 8(a)).

*S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("[B]ecause unincorporated entities are attributed the citizenship of their owners, that rule would mean that Geo Med is an Argentinian entity because its owner, Alpert, is Argentinian." (citation and footnote omitted))."); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam)("In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004), we held that a limited liability company, like a partnership, 'is a citizen of any state of which a member of the company is a citizen.' We continued: 'To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company....' *Id.*).

The Plaintiff appears to treat State Farm as a corporation for purposes of alleging citizenship. However, her allegations in this regard simply amount to the assertion that State Farm is <u>not</u> a citizen of Alabama. This is insufficient to meet the Plaintiff's burden to "affirmatively allege facts demonstrating the existence of jurisdiction…" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). As such, if State Farm is indeed a corporation, the Plaintiff must plead both the state(s) where it has been incorporated and the state where its principal place of business is located in order to establish State Farm's citizenship for purposes of diversity jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, the Plaintiff is **ORDERED** to file and serve on State Farm, on or before **Friday,**

**October 17, 2014**, an amended complaint that properly alleges the citizenship of State Farm for the purpose of establishing diversity pursuant to § 1332(a) (or some other basis of subject matter jurisdiction).[3] The amended complaint, if filed, shall become the operative complaint in this action,[4] and State Farm shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the 10th day of October 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Plaintiff is reminded that, for purposes of diversity, the relevant citizenships are those at the time the case was filed. *E.g., Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

[4] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").